UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIANA ARMSTRONG,<br>　　　Plaintiff | :<br>: | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02cv2264(AVC) |
| | : | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF SOCIAL<br>SERVICES, SILVANA<br>FLATTERY, MICHELE FARIERI<br>RUDOLPH JONES, and CAROL<br>SCHERER | :<br>:<br>:<br>:<br>:<br>: | |
| 　　　Defendant | : | April 23, 2004 |

## AMENDED COMPLAINT

This is an action seeking damages against the Department of Social Services, State of Connecticut ("DSS"), and individual defendants as a result of the termination of plaintiff Tiana Armstrong's employment on November 5, 2001. Ms. Armstrong states causes of action for (1) violation of her rights to equal protection of the laws in violation of 42 U.S.C. §1983, (2) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000 et seq., (hereinafter "Title VII") and (3) race discrimination and retaliation in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60 et seq (hereinafter "CFEPA"), and (4) disability discrimination under CFEPA.

## JURISDICTION

1.　　　Jurisdiction of this court is invoked under the provisions of 28 U.S.C. §1331,

and 42 U.S.C. §2000e-5(f)(3). The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367.

2. Plaintiff has exhausted her administrative remedies. She filed a timely complaint with both the Connecticut Commission on Human Rights and Opportunities (CHRO) and the Equal Employment Opportunities Commission (EEOC). More than 210 days have elapsed since the filing of those charges.

## THE PARTIES

3. Plaintiff, Tiana Armstrong, is a resident of Windsor, Connecticut and was an employee of defendant under both 42 U.S.C. §2000e(f) and C.G.S. §46a-51.

4. The defendant State of Connecticut, Department of Social Services ("DSS"), is an agency of the State of Connecticut with offices in Hartford, Connecticut, employs more than 15 people, and is an employer under both 42 U.S.C. §2000e(b) and C.G.S. §46a-51.

5. Defendant Silvana Flattery is the Regional Administrator of the North Central Region of the DSS and the immediate supervisor of defendant Michele Farieri. Ms. Farieri is the Social Services Operation Manager and the immediate supervisor of Carol Scherer. Ms. Scherer, Eligibility Services Supervisor, was plaintiff's immediate supervisor. Defendant Rudolph Jones is the Director of Human Resources.

2

## FACTS

6. The plaintiff, who has a bachelor of arts degree, began working for the DSS as a Social Services Trainee (SST) with a targeted classification of Eligibility Services Worker on August 17, 2001. The plaintiff is an African American female. She has a physical disability, specifically, she suffers from migraine headaches.

7. From September 24, 2001 through October 12, 2001, plaintiff received CORE Training, that is, Curricula for Orientation, Reinforcement and Enrichment training. At that time plaintiff learned that non-minority employees with the same targeted classification as she were being paid as Connecticut Careers Trainees (CCT) at a higher rate of pay and with a shorter training period. In the North Central region, all minorities were hired as SSTs, despite having college degrees. According to the job posting, candidates in possession of a bachelor's or master's degree should be hired as CCTs.

8. Plaintiff should have been hired as a CCT as she has a Bachelor's Degree. When she brought this to the attention of defendant's Human Resources division in or about October, 2001, plaintiff was told that she and other minority employees previously classified as SSTs would be reclassified as CCTs and be given retroactive pay to just after their date of hire. Plaintiff never received the

3

retroactive pay or the reclassification.

9. Plaintiff was out of work due to migraine headaches on August 31, 2001, September 17, 2001, and September 26, 2001.

10. On October 5, 2001, following plaintiff's complaint to Human Resources about her classification as an SST, she was called into a meeting and counseled on her attendance. Plaintiff was a member of the social and human services bargaining unit of the American Federation of State, County and Municipal Employees ("AFSCME) and her employment was governed by the contract between the State of Connecticut and AFSCME ("the union contract"). She was not advised in advance that a meeting would occur, nor was she given the opportunity to have a union representative present. Present at the meeting were her supervisor, defendant Carol Scherer, and defendant Michele Farieri, Social Services Operations Manager.

11. On October 12, 2001, plaintiff had her doctor complete a medical certificate as requested by the Defendant in order to verify the status and existence of her chronic, medical condition in accordance with the DSS Guidelines for Employee Attendance and Tardiness. Plaintiff was absent again on October 25-26, 2001 due to a migraine.

12. On November 5, 2001, after Defendant DSS received plaintiff's completed

4

medical certificate, which indicated that she suffers from migraine headaches, and after plaintiff complained about her classification, she was terminated. At the time of plaintiff's termination, she was handed a less than satisfactory performance review dated October 26, 2001, focusing on her attendance. This review contained many false statements, and she refused to sign it.

13. Defendant did not follow either the union contract or the Time and Attendance Policy in terminating plaintiff's employment due to attendance. For example, the union was not given notice of her termination, nor was she given proper notice. The Americans with Disabilities Act ("ADA") Coordinator was not notified of her termination. Upon information and belief, she has been replaced by a white female.

**FIRST COUNT:** Violation of 42 U.S.C. Section 1983

14. Paragraphs 1 through 13 are incorporated by reference in this First Count the same as if fully pleaded.

15. Defendants acted intentionally, maliciously and with a discriminatory purpose and deprived the plaintiff of her rights to equal protection under the laws by selectively treating her differently than other similarly situated employees for no rational reason and/or based on her race when they hired her as an SST instead of a CCT and when they terminated her employment.

5

16. The individual defendants directly participated in plaintiff's being hired as an SST as opposed to a CCT and/or learned that she had been hired as an SST instead of a CCT following Ms. Armstrong's complaint to Human Resources in September, 2001 and failed to change her title. The individual defendants Flattery, Farieri and Scherer participated in and approved the preparation of the Interim Service Rating that allegedly supported the termination. Ms. Farieri, Ms. Scherer, and Mr. Jones participated in the decision to terminate Ms. Armstrong's employment. Mr. Jones failed to reverse the decision to terminate plaintiff's employment following plaintiff's appeal of that decision.

17. Ms. Flattery created a policy or custom under which the unconstitutional practices alleged were allowed to occur and/or was grossly negligent in managing subordinates, including Ms. Farieri and Ms. Scherer, who participated in the unconstitutional conduct. Mr. Jones created a policy or custom under which the unconstitutional practices alleged were allowed to occur and/or was grossly negligent in managing subordinates, including Lisa Owens who participated in the unconstitutional conduct.

18. Plaintiff's right to equal protection under the laws is secured to the plaintiff by the fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §§ 1983 and 1988.

6

19. As a result of defendants' conduct, plaintiff has suffered, and continues to suffer, damages, including lost wages and benefits, and emotional distress.

**SECOND COUNT:** Violation of CFEPA (Race discrimination and retaliation)

20. Paragraphs 1 through 12 are incorporated by reference in this Second Count the same as if fully pleaded.

21. Defendant DSS is an "employer" as that term is defined in the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-51 et seq. ("CFEPA).

22. Defendant DSS violated CFEPA when they classified her as an SST because of her race (Conn. Gen. Stat. §46a-60(a)(1)) and terminated her in retaliation for complaining about her classification.(Conn. Gen. Stat. §46a-60(a)(4)).

23. Plaintiff has exhausted her administrative remedies by filing a complaint with the Commission on Human Rights and Opportunities and has received a release to bring this action.

24. The unlawful conduct engaged in by defendant DSS was intentional, malicious, and engaged in with reckless indifference to the federally protected rights of plaintiff.

25. As a result of defendant's conduct, plaintiff has suffered, and continues to suffer, damages, including lost wages and benefits, and emotional distress.

**THIRD COUNT**: Violation of Title VII (race discrimination and retaliation)

7

26. Paragraphs 1 through 12 are incorporated in this Third Count the same as if fully pleaded.

27. Defendant DSS is an "employer" as that term is defined under Title VII, 42 U.S.C. 2000e(b).

28. Defendant DSS violated Title VII when they classified her as an SST because of her race and terminated her in retaliation for complaining about her classification.

29. Plaintiff has exhausted her administrative remedies by filing a complaint with the EEOC. More than 210 days have passed since the filing of that claim.

30. The unlawful conduct engaged in by defendant was intentional, malicious, and engaged in with reckless indifference to the federally protected rights of plaintiff.

31. As a result of defendant's conduct, plaintiff has suffered, and continues to suffer, damages, including lost wages and benefits, and emotional distress.

**FOURTH COUNT**:  CFEPA (disability discrimination)

32. Paragraphs 1 through 12 are incorporated by reference in this Fourth Count the same as if fully pleaded.

33. Plaintiff suffers from a "physical disability" as that term is defined in CFEPA.

34. Defendant DSS violated Conn. Gen. Stat. §46a-60(a)(1) when they terminated plaintiff's employment as a result of her disability.

8

35. The unlawful conduct engaged in by defendant was intentional, malicious, and engaged in with reckless indifference to the federally protected rights of plaintiff.

36. As a result of defendant's conduct, plaintiff has suffered, and continues to suffer, damages, including lost wages and benefits and emotional distress.

WHEREFORE, the plaintiff claims damages within the jurisdiction of this Court to award.

THE PLAINTIFF, TIANA ARMSTRONG

*Barbara E. Hug* (signature)

Barbara E. Gardner CT07623
Attorney at Law
843 Main Street, Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554 (fax)
Bg@bgardnerlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TIANA ARMSTRONG, | : | |
|     Plaintiff | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02cv2264(AVC) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF SOCIAL | : | |
| SERVICES, SILVANA | : | |
| FLATTERY, MICHELE FARIERI | : | |
| RUDOLPH JONES, and CAROL | : | |
| SCHERER | : | |
|     Defendant | : | April 23, 2004 |

## JURY TRIAL DEMAND

The plaintiff, Tiana Armstrong, demands a jury in this matter.

THE PLAINTIFF, TIANA ARMSTRONG

*/s/ Barbara E. Gardner*
Barbara E. Gardner 07623
Attorney at Law
843 Main Street, Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554
Bg@bgardnerlaw.com

10

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 23rd day of April, 2004, to:

Tammy D. Geathers
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Barbara E. Gardner

11