UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIANA ARMSTRONG, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | 3:02CV2264 (AVC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT SOCIAL SERVICES, | | |
| ET AL., | : | |
| *Defendants.* | : | MAY 27, 2004 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S AMENDED COMPLAINT

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted. The plaintiff received a Release of Jurisdiction authorizing her to commence a civil action against the defendants.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted in part. Plaintiff attended Curricula for Orientation, Reinforcement, and Enrichment (CORE) training with other new employees who were hired to work in the Department of Social Services (hereinafter "DSS") offices throughout the state. Cannot admit or deny what plaintiff alleges to have learned. Deny that only non-minority employees were employed as CCT's. Deny that job posting states that persons with degrees "should" be hired at CCT level. The job postings simply state the minimum requirements for each decision.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is admitted with clarification. Ms. Armstrong was given a medical certificate for completion on September 26, 2001. The Human Resources Division received the completed medical certificate on October 29, 2001. The medical certificate was signed and dated by the attending physician on October 12, 2001. Dates listed on the medical certificate were August 31, 2001, September 17, 2001, September 26, 2001, and October 26, 2001, dates occurring AFTER the date the attending physician signed and dated the form.

12. Paragraph 12 is denied. The plaintiff reached her sixth occasion of absence on October 26, 2001. This date was prior to the agency's receipt of her medical certificate (October 29, 2001). As there was no improvement in her attendance, her supervisor and manager made the recommendation to drop the plaintiff during her working test period on October 26, 2001.

13. Paragraph 13 is denied. Plaintiff was in her initial working test period with DSS, per the Social and Human Services (P-2) Bargaining Agreement, Article 11, Section One:

> "The working test period shall be deemed on extension of the examination process. Therefore, a determination of unsatisfactory performance during a working test period shall be tantamount to a failure of the competitive examination."

The plaintiff was issued an Interim Service Rating which determined her overall performance to be unsatisfactory during her working test period.

Deny that the plaintiff has been discriminated against because of her race in retaliation for complaining of discrimination. Deny plaintiff was discriminated against because of her disability. The incumbent of the position formerly held by the plaintiff is a white female who was hired as a Social Services Trainee. She also has a Bachelor's Degree.

**FIRST COUNT – Violation of 42 U.S.C. Section 1983**

14. Defendants' answer to paragraph 1-13 of Count One above are hereby incorporated and made part of defendants' answers to this Second Count as if fully set herein.

15. Paragraph 15 is denied. The defendants have not intentionally, maliciously and with a discriminatory purpose, deprived the plaintiff of her rights to equal protection under the law by selectively treating her differently than other similarly situated employees for no rational reason and/or based on race. As to the aforementioned, the defendants leave the plaintiff to her proof.

16. As to paragraph 16, the defendants leave the plaintiff to her proof.

17. Paragraph 17 is denied.

18. As to paragraph 18, the defendant leaves the plaintiff to her proof.

19. Paragraph 19 is denied. The defendants conduct has not caused the plaintiff to continue to suffer damages, including lost wages and benefits and emotional distress.

## SECOND COUNT – Violation of CFEPA (Race and Retaliation)

20. Defendants' answer to paragraphs 1-12 are incorporated in Count Two above and are hereby incorporated and made part of the defendants' answers to the Third Count as if fully set herein.

21. Paragraph 21 is admitted.

22. Paragraph 22 is denied.

23. Paragraph 23 is admitted. As to the remaining, the defendants leave the plaintiff to her proof.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied. As to the aforementioned, the defendants leave the plaintiff to her proof.

## THIRD COUNT – Violation of Title VII (Race Discrimination and Retaliation)

26. Defendants' answer to paragraphs 1-12 of Count Three are hereby incorporated and made part of the defendants' answers to this and the Fourth Count as if fully set in.

27. Paragraph 27 is admitted.

28. Paragraph 28 is denied.

29. As to the aforementioned, the defendants leave the plaintiff to her proof.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied. As to the aforementioned, the defendants leave the plaintiff to her proof.

### FOURTH COUNT – (CFEPA) Disability Discrimination

32. Defendants' answers to paragraphs 1-12 of Count Four are hereby incorporated and made part of the defendants' answers to this as if fully set herein.

33. As to paragraph 33, the defendants leave the plaintiff to her proof.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state valid claims against the defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent the plaintiff seeks money damages from the defendants in their official capacity, it is barred by the Eleventh Amendment to the United States Constitution and/or the Doctrine of Sovereign Immunity.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

DEFENDANTS,
State of Connecticut,
Department of Children
and Families and Ingrid Zahn

By: /s/ Tammy D. Geathers

Tammy D. Geathers
Assistant Attorney General
Fed. Bar No. ct22426
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383

## CERTIFICATION

I hereby certify that the following **Defendants' Answer and Affirmative Defenses to the Plaintiff's Amended Complaint** was mailed this 27th day of May, 2004, first class, postage pre-paid to:

Barbara E. Gardner, Esq.
843 Main Street, Suite 1-4
Manchester, CT 06040
Tel.: (860) 643-5543
Fax: (860) 645-9554

Tammy D. Geathers
Assistant Attorney General