## EMPLOYEE'S STATUTORY RIGHT TO FILE GRIEVANCE

C.G.S. Sec. 5-271. Rights of employees and their representatives.

(d) An individual employee at any time may present a grievance to his employer and have the grievance adjusted, without intervention of an employee organization, provided the adjustment shall not be inconsistent with the terms of a collective bargaining agreement then in effect. The employee organization designated as the exclusive representative shall be given prior notice of the grievance and shall be informed of the terms of the settlement.

## THE CASE OF HENRY SPERL

Correction Officer Henry Sperl was terminated during his initial working test period as a result of an unsatisfactory evaluation which cited his lack of dependability and negligence. On his behalf, AFSCME filed a prohibited practice complaint alleging that the State refused to hear Sperl's dismissal grievance. While the complaint was pending, the State wrote indicating its willingness to have the Warden conduct a conference, with the Personnel Director, which Mr. Sperl would be able to attend with a union representative or an attorney of his choice and which would allow him "every opportunity to discuss his side of the story". In considering whether the offered conference satisfied the statutory provisions, the Board made the following conclusions of law:

(1) Any employee who is a member of a bargaining unit has a right to present grievances to his employer even though there may be no right to file a grievance under a collective bargaining agreement.

Armstrong v. DSS
3:02CV2264 (AVC)

EXHIBIT NO. 32

(2) The statute does not create substantive grievance rights: if the employer's action was discretionary, the statute "requires only that the employer review in good faith his own exercise of discretion."

(3) The employer must provide a reasonable procedure for receiving and considering the grievance but the procedure does not have to be identical to the contractual grievance procedure.

(4) This procedure must allow the employee the right to be represented (if he should choose to be) and the right to "a reasonable opportunity to present his side of the case but it need not afford a full hearing" unless that is required to satisfy constitutional guarantees.

The Board felt that the constitutional due process rights (to a full hearing and/or to a hearing before termination) did not apply in this case because a probationary employee would not have a protected property interest in continued employment and the terms of the separation would not affect his liberty interest in his community standing or his future employability. The Board therefore ruled that the State's offered conference satisfied the employee's statutory right to present grievances to the employer.