

**State of Connecticut**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**
1229 Albany Avenue, Hartford, CT 06112  (860) 566-7710  Fax (860) 566-1997
www.state.ct.us/chro
TDD (860) 566-7710

Certified No. 70021000000462300964

September 20, 2002

Tiana Amstrong
6 Alford Drive
Windsor, CT 06095

**RE: NOTICE OF FINAL AGENCY ACTION**
    **Case Name:** <u>Amstrong v State of Connecticut-Department of Social Services</u>
    **CHRO No.:** 0210456
    **EEOC No.:** 16AA201141

Dear Ms. Amstrong:

Notice is hereby given that pursuant to Section 46a-83(b) of C.G.S, the Commission has processed your complaint through its Merit Assessment processes.

Further, you are hereby notified that as a result of these activities, your complaint has been dismissed for the reason that there is no reasonable possibility that further investigation will result in a finding of reasonable cause inasmuch as it was determined that the review of the entire file is likely to show that Respondent did not discriminate against you because of your alleged physical disability, migraine, nor your race and color. Instead, the review is likely to show that you were terminated due to the unsatisfactory rating that you received in the area of attendance and punctuality on your overall evaluation during your initial test period. The review also shows that Respondent's action was in accordance with the Social Services and Human Services Bargaining Unit Agreement.

More specifically, it is undisputed that you were absent from work on six occasions during your initial test period. More specifically, on October 29, 2001 you submitted to Respondent a medical document which stated that all your absences from August 31, 2001 until October 26, 2001 were related to your alleged physical disability. It is clear that this document was filled out by your doctor in order to have your absences protected under the Family Medical Leave Act. However, you did not meet the qualifications for FMLA. Thus, Respondent counted your absences separate.

It is noted that you identified Deidre Smith, as an employee of Respondent who suffers from a

**CHRO**    *Safeguarding Civil Rights in Connecticut*

Affirmative Action/ Equal Opportunity Employer

EXHIBIT NO. 40
Armstrong v. DSS 3'02cv2264(AVC)

back problem and received a reasonable accommodation during her initial working test period. However, you complaint does not allege that you were denied a reasonable accommodation. In fact, the medical document that you submitted to Respondent on October 29, 2002, did not state that your condition needed a reasonable accommodation in order for you to do the basic duties of your job.

The review shows that Respondent communicated to you the deficiencies with your attendance before you again called in sick and were terminated. Further, there is information in the file that could serve to show that non-Black employees who were similar situated to you were also terminated.

With regard to your allegation of being hired as a Social Services Trainee, even though you have the qualifications to be hired as a Connecticut Careers Trainee, due to your race and color, there is not substantive information in the file that could serve to show that there is a connection between your protected class and the Respondent's decision to classified you as a Social Services Trainee. In fact, the review is likely to show that individuals who are not Black were hired as Social Services Trainees and individuals who are Black were hired as Connecticut Careers Trainees.

Finally, there is no substantive information in the file that could serve to show that Respondent's answer is not truthful.

Therefore, the aforementioned reasons do not support a finding that this complaint should be retained for further investigation and that Respondent's actions were retaliatory.

The complainant may apply for reconsideration, requesting that the Commission reconsider its decision dismissing the complaint, as provided in subsection (b) of Section 46a-83 of the C.G.S. (formerly Public ACT 94-238). The reconsideration request must be in writing and **filed** at the Commission's administrative office stated on the letterhead **within fifteen (15) calendar days from the date of this letter**. It is the complainant's responsibility to file a timely request. No additional information after this fifteen (15) day period will be considered. Untimely requests will not be considered. The request should state specifically the grounds upon which the application is based. Generally, no new documentation or evidence can be considered as only documentation in the case file at the time of dismissal will be reviewed. Any request for reconsideration must be submitted to the regional office listed on the letterhead.

A copy of your request for reconsideration must be mailed to the respondent and respondent's attorney, if any, at the address listed at the bottom of this letter. You should certify that you have done so in your request for reconsideration filed with the Commission. **If you do not request reconsideration of the dismissal of your complaint, you will be issued a release of jurisdiction which grants you the right to file a civil action in Superior Court.**

The complainant may appeal this disposition to the Superior Court of the State of Connecticut if reconsideration of the dismissal is requested and denied. Any appeal must strictly comply with all of the applicable statutory procedures, requirements, and time frames. You may wish to

consult an attorney regarding the proper filing of an administrative appeal.

Sincerely,

Epifanio Carrasquillo
Regional Manager

cc: Irene C. Mason, Director of Affirmative Action
    State of Connecticut-Department of Social Services
    25 Sigourney Street
    Hartford, CT 06106
    **Certified No. 70021000000462300957**

    Tammy D. Geathers, Assistant Attorney General
    55 Elm Street, P O Box 120
    Hartford, CT 06141

    Barbara E. Gardner, Esq.
    Barbara E. Gardner Attorney at Law
    843 Main Street, Suite 1-4
    Manchester, CT 06040