UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIANA ARMSTRONG,  *Plaintiff,* | : : : | CIVIL ACTION NO. 3:02CV2264 (AVC) |
| v. | : : | |
| STATE OF CONNECTICUT, DEPARTMENT OF SOCIAL SERVICES, ET AL.,  *Defendants.* | : : | May 11, 2005 |

## JOINT TRIAL MEMORANDUM

### 1. Trial Counsel

| **Plaintiff** | **Defendants** |
|---|---|
| Barbara E. Gardner, Esq. | Tammy D. Geathers |
| Federal Bar # CT07623 | Assistant Attorney General |
| 843 Main Street | Federal Bar # ct22426 |
| Suite 1-4 | 55 Elm Street, P.O. Box 120 |
| Manchester, CT 06040 | Hartford, CT 06141-0120 |
| Tel: (860) 643-5543 | Tel: (860) 808-5340 |
| Fax: (860) 645-9554 | Fax: (860) 808-5383 |

### 2. Jurisdiction

Plaintiff contends that this court's jurisdiction is invoked under Title 28 U.S.C. §1331, and 42 U.S.C. § 2000e-5(f)(3). Plaintiff further invokes 28 U.S.C. § 1367.

### 3. Jury trial

The plaintiff has requested a jury trial.

4. **Length of trial**

   The plaintiff would estimate 1 – 3 days to present her case. The defendants estimate that their case will take 1 - 3 days.

5. **Nature of Case**

   A.  **Plaintiff's Contentions**

   Plaintiff alleges race discrimination because she was hired at a lower level than other similarly situated employees with college degrees. The reason given by defendants, that they were "underfilling" the position to avoid hiring an African American male on the SEBAC list is a pretext for discrimination. Plaintiff alleges retaliation for having complained of 1) race discrimination and 2) retaliation. Defendants did not follow their uniform procedures or the collective bargaining agreement in terminating plaintiff's employment for alleged absenteeism, thereby raising an issue of fact as to pretext. Plaintiff was terminated within weeks of engaging in protected activity.

   B.  **Defendants' Contentions**

   The defendants wholly and categorically deny each and every one of plaintiff's allegations of race discrimination because of her allegation of being hired at a lower level than other similarly situated employees with college degrees. The defendants further deny that they retaliated against the plaintiff for having complained of race discrimination and retaliation. The defendants maintain that there was a "legitimate business reason" for hiring the plaintiff as an SST instead of a CCT, that there was an individual, an African-American male on the SEBAC list who, as a result, had rights superior to that of the plaintiff for the CCT position prior to hiring

individuals outside the lists as CCT's. Additionally, the defendants vehemently deny that she was selectively treated because she had complained of race discrimination and retaliation. Plaintiff was dropped from her working test period due to attendance issues and her failure to complete her initial probationary period, despite the fact that she had been formally warned on previous occasions with regard to further or future absences.

The defendants assert that the plaintiff has failed to state a claim under 42 U.S.C. § 1983, and Title VII. Also, this lawsuit is barred by the doctrine of sovereign and qualified immunity.

C.  Legal Issues

1. Whether the defendants discriminated against the plaintiff based upon her race or hiring the plaintiff as an SST as opposed to a CCT.

2. Whether the defendants retaliated against the plaintiff for complaining about prior race discrimination and retaliation claims.

3. Whether the defendants violated plaintiff's Equal Protection rights and her rights under 42 U.S.C. § 1983.

4. Whether the defendants acted within the scope of their qualified immunity under Federal law.

**6. Trial by Magistrate Judge**

The parties have not agreed to trial by a Magistrate Judge.

**7.  List of Witnesses**

1.  **Tiana Armstrong**, 6 Alfred Drive, Windsor, CT. The plaintiff may be called to testify about certain facts relating to the allegations of her complaint.

2.      **Carol Scherer**, Department of Social Services, (hereinafter "DSS"), 25 Sigourney Street, Hartford, CT, 06106. Ms. Scherer will testify with regard to the many absences of the plaintiff, the informal counselings she participated in with the plaintiff to address plaintiff's attendance issues, plaintiff's appraisal, and plaintiff being dropped from her working test period.

3.      **Lily "Cookie" Marshall,** Department of Social Services, 25 Sigourney Street, Hartford, CT, 06106. Ms. Marshall will testify with regard to the plaintiff approaching her to inquire about hiring as a CCT versus being hired as an SST, her explanation to the plaintiff,

4.      **Michelle Farieri,** Department of Social Services, 25 Sigourney Street, Hartford, CT, 06106. Ms. Farieri will testify with regard to the plaintiff's attendance issues, her meetings, including informal counseling sessions with the plaintiff with regard to plaintiff's attendance, and her review of plaintiff's proposed service rating.

5.      **Rudolph Jones,** Department of Social Services, 25 Sigourney Street, Hartford, CT, 06106. Mr. Jones will testify with regard to DSS's rules governing employees during their working test period, what a SPERL hearing is, DSS's guidelines for Employee Attendance and Tardiness, and his affirming the plaintiff's dismissal.

6.      **Lisa Owens,** Department of Social Services, 25 Sigourney Street, Hartford, CT, 06106. Ms. Owens will testify with regard to the interview process, who conducted the job interview with the plaintiff, the process for approval for a

recommendation for hire, the SEBAC list, why plaintiff was not hired as a CCT, the circumstances necessitating informal counseling to employees, written reprimands and warnings, as well as the decision to terminate the plaintiff.

7. **Jeanne Anderson**, DSS. Ms. Anderson may be called to testify on the same subjects as Ms. Owens.

8. **Silvana Flattery**, DSS. Ms. Flattery may be called to testify on the same subjects as Ms. Anderson and Ms. Owens.

9. **Joanne Opperman**, DSS. Ms. Opperman may be called to testify regarding policies within DSS and the difference in defendants' treatment of plaintiff following plaintiff's complaint.

10. **Thelma Armstrong**, DSS - will testify regarding policies at DSS and plaintiff's emotional distress damages

**8. Exhibits**

    A.    **Plaintiff's Exhibits**

A. Revised Vacancy Notice - Salary Correction dated 5/22/01

B. Contract between State of Conn. and AFSCME effective July 1, 1999

C. DSS Guidelines for Employee Attendance and Tardiness

D. Carol Scherer notes

E. P33 medical certificate

F. Interim Service Rating

G. Draft Service Ratings

H. Defendant's Answers to Interrogatories

I. Termination Letter dated November 5, 2001

J. Memorandum from Ida Colon to Lisa Owens dated 11/8/01

K. Letter dated Nov. 19. 2001 from Lisa Owens to Tiana Armstrong

L. E-mail correspondence between Carol Scherer and Ronald Roberts

M. Answers to Interrogatories filed by DSS in Armstrong vs. State of CT, Case No. 0210456

N. Memorandum to Rudolph Jones from Lisa Owens dated October 29, 2001

O. Portion of contract w/ Carol Scherer handwritten notes

P. Informal Counseling Notice from Carol Scherer to Tiana Armstrong dated 105/01

Q. Farieri notes dated 10/5/01 from meeting with Tiana Armstrong

R. Offer Letter dated August 13, 2001

B.  **Defendant's Exhibits**

A.  Department of Social Services Revised Vacancy Notice, posting dated May 22, 2001.

B.  Letter dated August 13, 2001 from Lisa Owens to Tiana Armstrong.

C.  Performance Appraisal for Tiana Armstrong with attached 3-page narrative, dated October 26, 2001.

D.  Article 13, Section 5 of the P-2 Collective Bargaining Agreement, effective July 1, 1999 to June 30, 2002.

E.  Permanent Appointments, Section 5-22-8-1 of the Regulations of Connecticut State Agencies.

F.  Informal counseling memo from Carol Scherer to Tiana Armstrong, dated October 5, 2001.

G.  DSS Guidelines for Employees Attendance and Tardiness, revised March, 1998.

H.   Page 38 and 39 referencing Sections Four and Five of Article 17 of the P-2 Collective Bargaining Agreement, effective July 1, 1999 to June 30, 2002.

I.  Employee Assistance Program brochure.

J.  Handwritten notes of Michelle Farieri for October 5, 2002 and October 18, 2001.

K.  Memo dated October 29, 2001 from Lisa Owens to Rudolph Jones.

L.  Letter dated November 5, 2001 from Lisa Owens to Tiana Armstrong.

M.  Employee Statutory Right to File Grievance.

N.  Medical Certificate from Tiana Armstrong, dated October 29, 2001.

O.  DSS Response to Armstrong: FMLA Leave, dated October 31, 2001.

P.  Article 11, Section One of the P-2 Collective Bargaining Agreement, effective July 1, 1999 to June 30, 2002.

Q.  Section 5-237-1 of the Regulations of Connecticut State Agencies.

      R.      Article Nine, Section Three of the P-2 Collective Bargaining Agreement, effective July 1, 1999 to June 30, 2002.

      S.      PER-301 Form submitted by Tiana Armstrong, undated.

The defendants reserve the right to use any of the plaintiff's exhibits, to offer rebuttal exhibits, and to supplement its exhibit list prior to trial.

## 9. Anticipated Evidentiary Problems/ Motions in Limine

Plaintiff will move in limine to prevent the defendants from introducing evidence of plaintiff's lawsuit brought against another agency of the state subsequent to this lawsuit.

The defendants do not anticipate any evidentiary problems at this time.

## 10. Stipulations of Fact and Law

1. At all times relevant to the complaint, Tiana Armstrong was an SST employed by the Department of Social Services.

2. At all relevant times to this complaint, Lily "Cookie" Marshall was a Personnel Officer for the Department of Social Services.

3. At all relevant times to this complaint, defendant Carol Scherer was a DSS Eligibility Services Supervisor for the Department of Social Services.

4. At all relevant times to this complaint, defendant Michelle Farieri was a Social Services Operations Manager for the Department of Social Services.

5. At all relevant times to this complaint, defendant Rudolph Jones was the Director of Human Resources for the Department of Social Services.

6. At all relevant times to this complaint, Lisa Owens was the Principal Personnel Officer for the Department of Social Services.

      7.      At all relevant times to this complaint, defendant Silvana Flattery was the Regional Administrator for the Northern Region for the Department of Social Services.

      8.      The plaintiff began working for the defendant Department of Social Services as a Social Services Trainee (SST) on August 17, 2001.

      9.      Plaintiff attended Curricular for Orientation, Reinforcement and Enrichment (CORE) training with other new employees who were hired to work in the DSS offices throughout the state.

      10.     Plaintiff was terminated by DSS for failure to complete her initial probationary period on November 5, 2001.

**11.**     **<u>Proposed Voir Dire Questions</u>**

      Attached.

**12.**     **<u>Proposed Jury Instructions</u>**

      Attached.

                DEFENDANTS

                STATE OF CONNECTICUT,
                DEPARTMENT OF SOCIAL SERVICES,
                ET AL.

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL


By:    _____
        Tammy D. Geathers
        Assistant Attorney General
        55 Elm Street
        P.O. Box 120
        Hartford, CT  06141-0120
        Tel:  (860) 808-5340
        Fax: (860) 808-5383
        Federal Bar No. Ct22426
        Email:  tammy.geathers@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed on this 11th day of May, 2005, to the following:

Barbara E. Gardner, Esq.
Federal Bar #
843 Main Street
Suite 1-4
Manchester, CT 06040
Tel: (860) 643-5543
Fax: (860) 645-9554

 

                                                                                            _____
                                                                                            Tammy D. Geathers
                                                                                            Assistant Attorney General