**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TIANA ARMSTRONG, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | 3:02CV2264 (AVC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF SOCIAL | | |
| SERVICES, ET AL., | : | |
| *Defendants.* | : | May 11, 2005 |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**
**INSTRUCTIONS ON 42 U.S.C. § 1983**
**THE STATUTE**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**PURPOSE OF STATUTE**

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In

enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

**Authority**:  Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

## BURDEN OF PROOF

I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's affirmative defenses.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

The defendant has the burden of proving each element of his affirmative defenses.  I shall shortly instruct you on the elements of these defenses.  If you find that any one of the elements of defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

**Authority:**  Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

## ELEMENTS OF A SECTION 1983 CLAIM

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

**Authority:** Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

## FIRST ELEMENT - ACTION UNDER COLOR OF STATE LAW DEFINITION

The first element of the plaintiff's claim is that the defendant acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

**Authority:** Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880).

## STATE OFFICIAL ACTING UNDER COLOR OF STATE LAW

The plaintiff claims that the defendants Flattery, Farieri, Scherer and Jones were acting under color of the law of the State of Connecticut when he allegedly deprived the plaintiff of her constitutional rights.

In order for an act to be under color of law, the act must be of such nature and committed under such circumstances that it would not have occurred except for the fact that the defendants were clothed with the authority of the state - that is to say, the defendants must have purported or pretended to be lawfully exercising their official power while in reality abusing it.

The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state officer.

**Authority:** Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); cert. dismissed, 429 U.S. 118 (1976).

## SECOND ELEMENT - DEPRIVATION OF RIGHT

The second element of plaintiff's claim is that she was deprived of a federal right by the defendants. In order for the plaintiff to establish the second element, she must show these things by a preponderance of the evidence: first, that the defendants committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that in performing the acts alleged, the defendants acted intentionally or maliciously.

**Authority:** Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980; Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## STATE OF MIND - GENERAL

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendants acted intentionally. If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.

**Authority:** Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

## STATE OF MIND - INTENTIONAL

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether each defendant acted with the requisite knowledge, you should remember

that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Authority:**  Modern Federal Jury Instructions § 87.03, Instruction 87-76.


## STATE OF MIND - RECKLESSNESS

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Authority:**  Modern Federal Jury Instructions, § 87-03, Instruction 87-77.


## STATE OF MIND - NEGLIGENCE

An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.

**Authority:**  Modern Federal Jury Instructions, § 87-03, Instruction 87-78.

## THIRD ELEMENT:  CAUSATION
## PROXIMATE CAUSE - GENERALLY

The third element which plaintiff must prove is that each defendant's acts were a proximate cause of the injuries allegedly sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of each of the defendants.  If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or

omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

**Authority:**  Givhan v. Western Line Consolidated School District, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).


## QUALIFIED IMMUNITY

Even if you find that defendants did deprive the plaintiff of her Constitutional rights, each defendant still may be entitled to what is called a qualified immunity.  If you find that they are entitled to such an immunity, you may not find them liable.

Each defendant will be entitled to a qualified immunity if, at the time they deprived the plaintiff of her Constitutional rights as described above, they neither knew nor should have known that their actions were contrary to federal law.  The simple fact that a defendant acted in good faith is not enough to bring him/her within the protection of this qualified immunity.  Nor is the fact that the defendants were unaware of the federal law.  The defendant is entitled to a qualified immunity if he/she did not know what he/she did was in violation of federal law **and** if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of defendants' conduct, you may consider the nature of the defendants' official duties, the character of his/her official position, the information which was known to the defendants or not known to them, and the events which confronted them.  You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of defendant's conduct. You

should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in each defendant's situation would believe his conduct to be lawful, then this element will be satisfied.

Each defendant has the burden of proving that he/she neither knew nor should have known that his/her actions violated federal law. If a defendant convinces you by a preponderance of the evidence that he/she neither knew nor should have known that his/her actions violated federal law, then you must return a verdict for the defendants, even though you may have previously found that the defendants in fact violated the plaintiff's rights under color of state law.

**Authority:**  Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## <u>SOVEREIGN IMMUNITY</u>

Members of the jury, you are instructed as a matter of law that the Eleventh Amendment bars a "federal court's grant of relief against state officials on the basis of state law whether prospective or retroactive. . . [I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347 (1974); Quern v. Jordan, 440 U.S. 332, 342 (1979); Minotti v. Lensink, 798 F.2d 607 (2d Cir. 1986), cert. denied, 482 U.S. 906 (1987).

When a lawsuit is brought nominally against an individual officer, it is in fact a suit against the state, where judgment for the plaintiff would operate to subject the state to liability and require payment of money damages from the State Treasury and is therefore barred under the doctrine of sovereign immunity. Pennhurst, supra, 104 S.Ct. 900 (1984); Quern v. Jordan, 440 U.S. 332 (1976); Minotti v. Lensink, 798 F.2d 607 (2d Cir. 1986).

## IMMUNITY FROM PERSONAL LIABILITY

As a state official, the defendants are immune from personal liability by Connecticut General Statute § 4-165, and are protected by the State of Connecticut from financial loss and expenses arising out of a judgment entered against him for depriving any person of his civil rights, if the deprivation was not wanton, reckless or malicious, and provided that the defendant, at the time of the acts resulting in such deprivation, was acting in the discharge of his duties or within the scope of his employment. If you award the plaintiff damages because of wanton, reckless or malicious conduct of one or more of the defendants, you should keep in mind that the immunity provision may not apply and the defendant may be personally liable for such an award.

**Authority:**  Conn. Gen. Stat. § 4-165.

Members of the jury, you are also instructed that as a matter of law, Connecticut General Statute § 4-165 provides in part that:

No state officer or employee shall be personally liable for damage or injury, not wanton, reckless, or malicious, caused in the discharge of his duties or within the scope of his employment.  Any person having a complaint for such damage or injury shall present it as a claim against the state [to the claims commissioner].

Conn. Gen. Stat. § 4-165.  Thus, to the extent that plaintiff seeks money damages from the defendants in their individual capacities for conduct not wanton, reckless, or malicious, the claim is barred by this statutory grant of immunity.  Gorlo v. Ramik, Civ. No. B-89-190 (TFGD), Ruling on Defendant's Motion to Dismiss (D.Conn. October 6, 1989).

Again, I remind you that you must also find that any intentional or willful acts must be the proximate or direct cause of injury to the plaintiff.

## TITLE VII CLAIM AGAINST DEFENDANT DEPARTMENT OF SOCIAL SERVICES

**A.    Discrimination Based on Race**.

### Purpose of the Statute

Title VII prohibits employers from refusing to hire, discharge from employment or discriminate against individuals on the basis of race, color, sex, national origin and religion.[/] The purpose of Title VII is to prevent discrimination in the workplace.  Under the "disparate treatment of discrimination" theory, the plaintiff/employee claims that he has been treated less favorably than other similarly situated employees because of his race.  The plaintiff/employee must then prove that the defendant/employer acted with discriminatory animus.

### Burden of Proof

The burden of proof is as follows.  First, the plaintiff must establish that: (1) he is a member of a protected class;  (2) he has applied for and was qualified for the position or benefits sought; and (3) he suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination.  The burden then shifts to the defendant to present a legitimate,

---

[/]    [/]Authority:  42 U.S.C. §2000e-2(a).

nondiscriminatory reason for its decision.[/] If the defendant asserts a legitimate, nondiscriminatory reason for its decision, the burden shifts back to the plaintiff to prove that the defendant's stated reason for its decision was merely a pretext for discrimination.[/] The plaintiff must prove that the actual reason was an unlawful, discriminatory reason.[/]

### Preponderance of the Evidence Standard

To prevail on a claim of intentional discrimination, the plaintiff must prove by a preponderance of the evidence that the defendant had a reason or motive to discriminate against him. "Preponderance of the evidence" means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it.

The plaintiff must prove, either directly or indirectly, that there is evidence of intentional discrimination. Direct evidence would include oral or written statements showing a discriminatory motivation for the defendants' treatment of the plaintiff. Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that race was a motivating factor in the defendants' treatment of the plaintiff.

### Direct Evidence of Disparate Treatment

---

/    [/]Authority:  McDonnell Douglas Corp. V. Green, 411 U.S. 792 (1973); Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998).

/    [/]Authority:  Fischer v. Vassar College, 70 F.3d 1420 (2d. Cir. 1997).

/    [/]Authority:  St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 507-08 (1993) ; Brennan v. Metropolitan Opera Ass'n., Inc. 192 F.3d 310, 317 (2d Cir. 1999).

Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's race was a factor in the defendants' actions in not choosing the plaintiff for a CCT position or other decisions from which the plaintiff claims she suffered some adversity.

### Indirect Evidence of Disparate Treatment

In this case, the plaintiff must prove by a preponderance of her evidence that her race was a motivating factor in the defendants' decisions. The plaintiff's race was a motivating factor if you find that it played an impermissible role in the defendants' decision, even though other factors may have also played roles in that decision.

You must consider any legitimate nondiscriminatory reason or explanation stated by the defendants for its decision. If you find that the defendants have stated a valid reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against the plaintiff because of her membership in a protected class.

If you determine that plaintiff's race was a motivating factor in the claimed adverse decisions of the Department of Social Services, you must find for the plaintiff. If, on the other hand, you find that plaintiff's race was not a motivating factor in the decisions, you must find for the defendant Department of Social Services.

### Pretext

The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that his membership in a protected class was more likely the reason for the defendants' adverse employment decision than the reason stated by the defendants. The plaintiff can also attempt to prove that the defendants' stated reason for its employment decisions regarding plaintiff is a pretext by persuading you that it is just not believable.

When you consider the plaintiff's evidence that the reason advanced by the defendants is a pretext, keep in mind that the relevant question is whether the defendants' reason was not the real reason for its action(s).  The question is not whether the defendants' reason showed poor or erroneous judgment.  You are not to judge the defendants' wisdom.  The defendants would be entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination. However, you may consider whether the defendants' reasons are merely a cover-up for discrimination.  You should also carefully evaluate any subjective reasons the defendants have asserted for taking the action(s) against the plaintiff that it did in deciding whether the plaintiff has met her burden of proof.

However, it is not enough for the plaintiff simply to prove that the defendants' stated reason for its decision was not the true reason.  The reason for this is that the plaintiff always must prove by a preponderance of the evidence that she was treated differently because of her race.  Therefore, even if you decide that the defendants did not truly rely on the stated reason(s) for its policies, you cannot decide in favor of the plaintiff without further evidence that the defendants relied instead on the plaintiff's race.

## Remedies Under Title VII: Generally

If you find in favor of the plaintiff on any of his claims under Title VII, then you must consider the issue of damages.  I will now instruct you on the laws that govern your determination of damages.  Bear in mind the fact that I am instructing you on the elements of damages does not mean that I have any opinion on whether or not the defendants should be held

liable.  I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.[/]

Title VII provides that "[i]f the court finds that the defendant Department of Social Services has intentionally engaged in or is intentionally engaging in an unlawful employment practice . . . The court may enjoin the defendant from engaging in such unlawful practice . . . and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . Or any other equitable relief as the court deems appropriate."


### Compensatory Damages Under Title VII

If you find that the plaintiff has proven any or all of his claims,  then you must decide what type of damages, if any, the plaintiff should receive, and how large a payment, if any, he deserves.   The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether the defendants should, in fact, be held liable or whether the plaintiff has suffered any actual harm.  You must enter separate amounts for each type of damages, if any, on the verdict forms and must not include the same items in more than one category.

In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering.  In weighing the issue of compensatory damages, you must ask yourselves two initial questions: First, has the plaintiff proven by a preponderance of the evidence that she suffered actual harm; and second, has she proven by a preponderance of the evidence that the

---

[/]      [/]Authority:  Adapted from 4 L. Sand, *et al*., <u>Modern Federal Jury Instructions</u>, Instruction 77-1 (September 1997).

defendants' illegal conduct proximately caused that harm? The defendants' actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm. Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages.

If you decide that the plaintiff has suffered specific harm due to the defendants' actions, then you must decide on the amount of money that will compensate him for this harm. It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiff. There is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, she need not prove her damages with mathematical precision, but only with the degree of accuracy permitted by circumstances.

No amount of any compensatory damage award you make can be intended to punish the defendants. Federal law does not allow you to award punitive damages against the government or a government agency. Therefore, you may not award damages intended to punish the defendants.

## Mitigation

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of her injuries, so as to reduce or minimize the loss or damage.

If you find the defendants are liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage she could have avoided through such reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question of whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants have satisfied its burden of proving that the plaintiff's conduct was not reasonable.

## DAMAGES GENERALLY
## COMPENSATORY DAMAGES - § 1983

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award her such sum of money as you believe will fairly and justly compensate him for any injury you believe she <u>actually</u> sustained as a direct consequence of the conduct of the defendants.

You may award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you may award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff - you must award actual damages only for those injuries that are a direct result of actions by the defendants and that are a direct result of their conduct which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

**Authority**:  Memphis Community School District v. Stature, 477 US 299, 106 sect. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 US 30, 103 sect. 1625, 75 L.Ed.2d 632 (1983); Carey v. Piphus, 435 US 247, 98 sect. 1042, 55 L.Ed.2d 252 (1978); Batista v. Weir, 340 F.2d 74 3d Cir. 1985); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980).

## DAMAGES FOR THE MERE FACT OF VIOLATION

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct

other than the fact of a constitutional deprivation, you may award nominal damages not to exceed one dollar.

**Authority**: <u>Carey v. Piphus</u>, 435 US 247, 98 sect. 1042, 55 L.Ed.2d 252 (1978); <u>Familias Unidas v. Briscoe</u>, 619 F.2d 391 (5th Cir. 1980); <u>Williams v. Bennett</u>, 689 F.2d 1370 (11th Cir. 1982).

## <u>CAUSATION AND DAMAGES</u>

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. Thus, even if you find that the defendants deprived the plaintiff of her rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that she claims to have suffered.

The defendants may avoid damages if they can show that, even absent the deprivation of the Constitutional rights alleged by the plaintiff, the defendants would have taken the same action with regard to the plaintiff and, therefore, that, even absent the Constitutional violations alleged by the plaintiff, the plaintiff would have suffered the same harm. The burden is on the defendants to prove that they would have reached the same decision, and, in proving it, they must show that they would reach the same decision at the time of the violations of the plaintiff's rights.

If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendants that was legal and partly the result of conduct by the defendants that was illegal, you must apportion the damages between the legal and the illegal conduct - that is, you must

assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

**Authority**:  Carey v. Piphus, 435 US 247, 98 sect. 1042, 55 L.Ed.2d 252 (1978); Mount Health City School Dist. Bd. of Ed. v. Doyle, 429 US 274, 97 sect. 568, 50 L.Ed.2d 471 (1977); Allen v. Autauga County Bd. of Ed., 685 F.2d 1302 (11th Cir. 1982); Gentile v. County of Suffolk, 926 F.2d 142 (2d Cir. 1991).

### Mitigation of Damages

If you find that the plaintiff was injured as a natural consequence of conduct by the defendants in violation of section 1983, you must determine whether the plaintiff could thereafter have done something to lessen the harm that she suffered.  The burden is on the defendants to prove, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to her, and that she failed to do so.  If the defendants convince you that the plaintiff could have reduced the harm done to her but failed to do so, the plaintiff is entitled only to damages sufficient to compensate her for the injury that she would have suffered if she had taken appropriate action to reduce the harm done to her.

**Authority**:  Jackson v. Wheatley, 464 F.2d 411 (8th Cir. 1972); Miller v. Lovett, 879 F.2d 1066 (2d Cir. 1989).

### Exemplary or Punitive Damages

If you award the plaintiff actual damages, then you may, but you are not required to, also make her a separate and additional award of exemplary or punitive damages.  You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages.  Punitive damages are awarded, in the discretion of the jury, to punish a

defendant for extreme, or extraordinary misconduct, or to deter or prevent defendants and others like them from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendants was done maliciously, wantonly, or for the purpose of causing injury to the plaintiff. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by preponderance of the evidence, that defendants acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that the defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendants acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure her or if you find that the defendants acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus,

in deciding whether to award punitive damages, you should consider whether the defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent the defendants from again performing any wrongful acts they may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendants, you may consider the financial resources of the defendant in fixing the amount of the damages.

If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case.

**Authority**:  Memphis Community School District v. Stature, 477 US 299, 106 sect. 2537, 91 L.Ed.2d 632 (1983); Smith v. Wade, 461 US 30, 103 sect. 1625, 75 L.Ed.2d 632 (1983) City of Newport v. Fact Concerns, Inc., 453 US 247, 101 sect. 2748, 69 L.Ed.2d 616 (1981); Carlson

v. Green, 446 US 14, 100 sect. 1468, 64 L.Ed.2d 15 (1980); Carey v. Piphus, 435 US 247, 98

sect. 1042, 55 L.Ed.2d 252 (1978) Vasbinder v. Anback, 926 F.2d 1333 (2d Cir. 1991).


## ADDITIONAL REQUESTS

The defendants respectfully request leave to supplement their request for jury instructions

after the evidence and prior to the charging conference.  This request is made in an abundance of

caution and on the theory that the defendant can not reasonably anticipate how the evidence will

be presented and what instructions, in addition to the foregoing and accompanying legal issues,

will be necessary to enable the jury to reach their verdict.


## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIANA ARMSTRONG, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | 3:02CV2264 (AVC) |
| | : | |
| vi. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF SOCIAL | | |
| SERVICES, ET AL., | | |
| *Defendants.* | : | May 11, 2005 |


## DEFENDANTS' PROPOSED JURY VERDICT FORMS

**<u>Plaintiff's Cause of Action - 42 U.S.C. § 1983</u>**

**<u>Defendants Silvana Flattery, Michelle Farieri, Rudolph Jones and Carol Scherer</u>**

1.      Did plaintiff Tiana Armstrong prove that defendants violated her right to be free from discrimination in employment on the basis of her race?

Yes _____       No _____

If the answer to the preceding question is No, proceed no further.

2.      If the answer to the preceding question is Yes, what, if any, amount of money did plaintiff Tiana Armstrong prove will fairly and reasonably compensate her for financial losses, keeping in mind my instruction on damages?

$_____

3.      If the answer to question 1 is Yes, do you find that the defendants' actions in discriminating against plaintiff Tiana Armstrong because of her race were willful?

Yes _____       No _____

4.      Did plaintiff Tiana Armstrong prove that a violation of her right to be free from discrimination in employment on the basis of race was the proximate cause of any mental, physical or emotional distress sustained by her?

Yes _____       No _____

5.      If the answer to the preceding question is Yes, what, if any, amount of money did plaintiff Tiana Armstrong prove will fairly and reasonably compensate him for mental, physical and emotional distress?

$ _____

6.     If plaintiff Tiana Armstrong has failed to prove actual damages, then do you find

an award of one dollar in nominal damages appropriate?

Yes _____        No _____

**Plaintiff's Cause of Action - Title VII**

**Defendant State of Connecticut Department of Social Services** -

1.      Did plaintiff Tiana Armstrong prove that defendant State of Connecticut

Department of Social Services violated her right to be free from discrimination in employment

on the basis of race?

Yes _____        No _____

If the answer to the preceding question is No, proceed no further.

2.      If the answer to the preceding question is Yes, what, if any, amount of money did

plaintiff Tiana Armstrong prove will fairly and reasonably compensate her for financial losses,

keeping in mind my instruction on damages?

$_____

3.      If the answer to question 1 is Yes, do you find that the defendant State of

Connecticut Department of Social Services actions in discriminating against plaintiff Tiana

Armstrong because of her race were willful?

Yes _____        No _____

4.      Did plaintiff Tiana Armstrong prove that a violation of her right to be free from

discrimination in employment on the basis of race was the proximate cause of any mental,

physical or emotional distress sustained by her?

Yes _____        No _____

5.     If the answer to the preceding question is Yes, what, if any, amount of money did plaintiff Tiana Armstrong prove will fairly and reasonably compensate her for mental, physical and emotional distress?

$ _____

6.     If plaintiff Tiana Armstrong has failed to prove actual damages, then do you find an award of one dollar in nominal damages appropriate?

Yes _____     No _____

PLAINTIFF                                DEFENDANTS


BY:_____      BY:_____
    Barbara E. Gardner, Esq.              Tammy D. Geathers
    Federal Bar # ct07623                Assistant Attorney General
    843 Main Street                      55 Elm Street, P.O. Box 120
    Suite 1-4                            Hartford, CT  06141-0120
    Manchester, CT 06040                 Tel:  (860)  808-5340
    Tel.: (860) 643-5543                 Fax: (860) 808-5383
    Fax: (860) 645-9554                  Federal Bar No. #ct22426
                                         E-Mail:tammy.geathers@po.state.ct.us


## **CERTIFICATION**

    I hereby certify that the foregoing documents were mailed this 11th day of May, 2005,

first class postage prepaid, to:

Barbara E. Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT 06040
Tel: (860) 643-5543
Fax: (860) 645-9554




                         _____
                         Tammy D. Geathers
                         Assistant Attorney General