**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

TIANA ARMSTRONG,                    :        CIVIL NO. DOCKET NUMBER
     *Plaintiff,*                         :        3:02CV2264 (AVC)

V.                                                   :

STATE OF CONNECTICUT,
DEPARTMENT OF SOCIAL
SERVICES, ET AL.                          :
     *Defendants.*                      :        May 11, 2005

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

The Plaintiff, Tiana Armstrong, requests that the jury be charged as follows:

1.  **Claims under 42 U.S.C. Sec. 1983**

The law to be applied in this case is the federal civil rights law which provides a remedy

for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code States:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of
> any State of Territory or the District of Columbia, subjects or causes to be subjected, any
> citizen of the Untied States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

42 U.S.C. Sec. 1983.

To establish a claim under Section 1983, Plaintiff must establish, by a preponderance of

the evidence, each of the following three elements.

First, that the conduct complained of was committed by a person acting under color of

state law:

Second, that this conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the Defendants' acts were the proximate cause of the injuries and consequent damages sustained by the Plaintiff.

I shall now examine each of the three elements in greater detail.

42 U.S.C. Sec. 1983.

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before Section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Historically, Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Puleri v. Fox, Civil Action No. H-82-550 (AHN) (D. Conn. 1987)

"Acting under color of law" means "under pretense of law" and simply means that the acts complained of would not have occurred but for the fact that the person committing them was an official, purporting to exercise his or her official powers.

In this case, it is not disputed that the actions of the Defendants were taken while they were acting under color of law, within the meaning of the statute Monroe v. Pape, 365 U.S. 167 (1961).

The Plaintiff must next prove that those acts caused the Plaintiff to suffer the loss of one or more federal rights. In this case, the Plaintiff claims under the Civil Rights Act that the Defendants deprived Plaintiff of her right to equal protection of the laws.

Narumanchi v. Board of Trustees of Connecticut State University, 850 F.2d 70 (2d Cir. 1988). Fourteenth Amendment, U.S. Constitution

In determining Defendants' motivations, you should consider that intent or motive can rarely be established by direct evidence and must often be proved circumstantially and by inference. Plaintiff is not required to provide direct proof of unlawful motive, intent or design. A motive, intent or design to violate a person's constitutional rights, if it exists, is seldom admitted and may be inferred from the existence of other facts.

Missouri National Education Association v. New Madrid County School District, 810 F.2d 164 (8th Cir. 1987); Rookard v. Health & Hospitals Corp., 429 U.S. 252 (1977).

Circumstantial evidence consists of evidence which indirectly proves the fact in issue; that is, evidence of certain facts which may lead you to infer the existence of other facts. Among the circumstantial evidence you may consider in order to discern the Defendant's intent or motive are the following:

First, the specific sequence of events leading up to the challenged decision may shed some light on the Defendants' motives.

Second, the historical background of the decision is a source of evidence, particularly if it reveals a series of official actions taken for invidious purposes. However, this is not to say that a consistent pattern is necessary to find a violation. A single government act may also constitute such a violation.

Third, departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role. Substantive departures too may be relevant, particularly if

the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached.

You can also consider the Defendants' treatment of other individuals in similar circumstances in determining whether there is an adequate explanation for Defendants' treatment of Plaintiff.

Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266-268, 97 S.Ct. 555, 50 L.Ed.2d 450, 465-466 (1977); Guillory v. County of Orange, 731 F.2d 1379, 1383 (9th Cir. 1984).

Plaintiff claims that the Defendants violated Plaintiff's rights to equal protection of the laws. The equal protection clause of the fourteenth amendment to the United States Constitution provides that no state, or in this case, no municipality official, shall "deny to any person within its jurisdiction the equal protection of the laws."

The equal protection clause essentially requires that all persons similarly situated be treated alike.

City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct.2382, 72 L.Ed.2d 786 (1982); Mahone v. Addicks Utility District of Harris County, 836 F.2d 921, 932 (5th Cir. 1980).

Equal protection of the law requires not only that laws be equal on their face, but also that they be executed so as not to deny equality. The unequal application of state or municipal laws, regulations, rules or practices may act as a denial of equal protection.

Yick Wo v. Hopkins, 188 U.S. 356, 6, S. Ct. 1064, 30 L.Ed.2d220 (1886); Mahone v. Addicks Utility District of Harris County, 836 F.2d921, 932 (5th Cir. 1988).

To show an equal protection violation, Plaintiff must prove that Defendant's actions constituted an uneven or erroneous application of laws or regulations, and was purposeful or intentional discrimination.

Powell v. Power, 436 F.2d 84, 88 (2d Cir. 1970); Burt v. City New York, 56 F.2d 791, 791-92 (2d Cir. 1946); Rodrigues v. Village of Larchmont, New York, 608 F.Supp. 467, 473 (S.D.N.Y. 1985); Ossler v. Village of Norridge, 557 F.Supp. 219, 224 (N.D. III. 1983); Lehr v. Robertson, 463 U.S.248, 265, 103 S.Ct.2985, 77 L.Ed.2d 614, 629 (1983); LeClair v. Saunders, 627, F.2d 606, 610-611 (2d Cir. 1980) Complaint.

Plaintiff can prove an equal protection violation by showing that she was treated differently than other similarly situated individuals for reasons which are not rationally related to a legitimate state interest.  In this case, Plaintiff has claimed that she was treated differently because of her race or for some other reason that had no legitimate basis.  Such conduct, if it occurred, would violate the equal protection clause.

City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439-40, 105 S. Ct. 3249, 87 L.Ed.2d 313 (1985); Mahone v. Addicks Utility District of Harris County, 836, F.2d 921, (5th Cir. 1988); LeClair v. Sanders, 627 F.2d 606 (2d Cir. 1980).

The third element which Plaintiff must prove with respect to her equal protection claims is that the Defendants' acts were a proximate cause of the injuries she sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was reasonably foreseeable consequence of any defendant's act or omission.  If an injury was direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such an act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of one or more of the Defendants.  If you find that the Plaintiff complains about an injury which would have occurred

even in the absence of the Defendants' conduct, you must find that the Defendants did not proximately cause the Plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage; that is, many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendants. Puleri v. Fox, Civil Action-82-550 (AHN) (D.Conn 1987).

**2.  Claims Under Title VII, Race Discrimination**

Ms. Armstrong claims that defendants discriminated against her by hiring her into a lower classification than she was entitled to based on her education.  In order to prove this claim, plaintiff must show that 1) she is a member of a protected class; 2) she is qualified for the position; 3) the defendant took an adverse employment action against the plaintiff; and 4) her race was a motivating factor in the adverse employment action.

Defendants do not dispute that plaintiff is a member of a protected class and that she was qualified for the position. An adverse employment action is a materially adverse change in the terms or conditions of employment.  Materially adverse changes in working conditions include a decrease in wage or salary and a less distinguished title.  Examples of adverse employment actions include refusal to hire, and refusal to promote.  As to the whether or not race was a motivating factor in the adverse employment action, proof of discriminatory motive may be inferred from differences in treatment.  For example, plaintiff may raise an inference of

discrimination by showing that the employer treated her less favorably than a similarly situated employee outside her protected group.   The similarly situated standard requires a reasonably close resemblance of the facts and circumstances rather than a showing that both cases are identical.  Note that an employer may not escape liability for discrimination against an employee on the basis of race simply because it treated others members of the employee's group favorably. Plaintiff can succeed on this claim if you find that her race was a motivating factor in the decision to hire her as an SST as opposed to a CCT.  A motivating factor may be one of a number of reasons as to why the defendant took the action it did.  A motivating factor need not be the sole reason for an action taken, nor does it have to be the principle reason.  A factor plays a motivating role in the decision if it made a difference in the hiring decision.

Woroski v. Nashua Corp , 31 F.3d 105, 108 (2d Cir. 1994); Sanders v. New York City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004); Teamsters v. U.S., 431 U.S. 324 (1977); Graham v. Long Island R.R., 230 F.3d 34(2d Cir. 2000); Shumway v. United Parcel Serv., 118 F.3d 60 (2d Cir. 1997).

3.  **Claims Under Title VII, Retaliation**

Ms. Armstrong also claims that defendants retaliated against her by terminating her because she had complained of discrimination.  In order to prove this claim, Ms. Armstrong must show that (1) she was engaged in an activity protected by Title VII (complaining of discrimination); (2) that the defendant knew of the protected activity.  You may find in favor of plaintiff on this element even if the decisionmaker denies direct knowledge of plaintiff's protected activities, so long as the jury finds that the circumstances evidence knowledge of the activity, or you conclude that an individual is acting explicity or implicitly upon the orders of a superior who has the requisite knowledge; (3) she suffered an adverse employment action; and

(4) there is a causal connection between the protected activity and the adverse employment action.

With respect to the causal connection element, Ms. Armstrong may establish a causal connection by showing that her protected activity was followed closely in time by discriminatory treatment or through other circumstantial evidence.  Ms. Armstrong must show that her protected activity was a motivating factor in the defendants' decision to terminate her.  A motivating factor is a factor that made a difference in the decision.  Plaintiff need only show that a retaliatory motive played a part in her termination, whether or not it was the sole cause, and even if valid objective reasons for the discharge exist.

Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1988); Gordon v. New York City Board of Education, 232 F.3d 111 (2d Cir. 2000); Sumner v. U.S. Postal Service, 899 F.2d 203, 208-209 (2d Cir. 1990).

**4.  Compensatory Damages**

If you return a verdict for the plaintiff, you must also decide the issue of compensatory damages.  In addition to back pay, you may award the plaintiff a sum of money that you believe will justly and fairly compensate him for any injury you believe he suffered as a result of the defendant's conduct in violation of the ADA and Rehabilitation Act.

Compensatory damages can be inferred from the circumstances presented to you by the evidence, or they can be proved by testimony going solely to the issue of damages.

Compensatory damages may be awarded for emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, and medical expenses incurred as a result of psychological or physical harm.

It may be difficult for you to arrive at a precise evaluation of actual damage for emotional harm from a violation of the Acts.  Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by the plaintiff.  There must be evidence presented at trial to support your award of compensatory damages, for an award cannot be based on speculation or sympathy on your part.

If the plaintiff proves that the injury he suffered extends into the future because he will continue to suffer as a result of the defendant's discriminatory actions, then the damages you award may compensate him for that future loss.

42 U.S.C. §1981A(b)(3).

## 5.  Punitive Damages

In addition to actual damages, the law allows, but does not require you, to award punitive damages.  You may make an award of punitive damages even though you find that the plaintiff has failed to establish actual damages.

You may award the plaintiff punitive damages if you find, by a preponderance of the evidence, that the acts or omissions of the defendant were done maliciously or with reckless indifference to the federally protected rights of the plaintiff.  An act or failure to act is maliciously done if it is prompted by ill will or spite toward the plaintiff.  An act or failure to act is done with reckless indifference if the defendant knew or should have known that the plaintiff's rights would be violated by its actions or omissions.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for acting with malice or with reckless indifference to a plaintiff's rights or to deter it and others like it from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so malicious or reckless that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing the wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

The extent to which a particular sum will adequately deter or prevent future misconduct, may depend on the financial  resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages  should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

42 U.S.C. §1981A(b)(1); <u>DeLeo v. City of Stamford</u>, 919 F.Supp. 70, 73 (D.Conn. 1995)

## 6.  Mitigation of Damages

A plaintiff has a duty to mitigate his damages by using reasonable care and diligence in seeking suitable alternative employment.  The plaintiff need not accept employment that is not comparable to his previous position.  The burden is on the defendant to prove that the plaintiff has failed in his duty to mitigate.  Defendant's burden is not satisfied merely by showing that there were further actions that plaintiff could have taken in pursuit of employment.  Rather,

defendant bears the burden of proving that suitable work existed, and that the employee did not

make reasonable efforts to obtain it.  Defendant must show that the course of conduct plaintiff

actually followed was so deficient as to constitute an unreasonable failure to seek employment.

EEOC v. Kalir, Philips, Ross, Inc., 420 F.Supp. 919 (S.D.N.Y. 1976), aff'd, 559 F.2d 1203 (2d
Cir.); Bonura v. Chase Manhattan Bank, N.A., 629 F.Supp. 353 (S.D.N.Y. 1986), aff'd, 795 F.2d
276 (2d Cir.); Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992).

## 7. Tax Consquences

If you find in favor of the plaintiff and award her damages, you may award an additional

amount for the tax consequences of receiving a lump sum award which will be taxed at a higher

rate than if the plaintiff had earned the same money over his or her normal work life.

Cummings v. Microphase Corp., Civil Action No. 5:92-cv-384 (AWT)(1997); Norfolk and

Western Railway Co. v. Liepelt, 444 U.S. 490 (1980).

Plaintiff reserves the right to supplement or amend the proposed jury instructions.